UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Erin Young, | Case No.: 2:19-cv-01235-JAD-EJY |
| Plaintiff | |
| v. | **Order Screening Complaint and Denying Application to Proceed** *In Forma Pauperis* |
| James Dzurenda, et al., | |
| Defendants | [ECF Nos. 1, 1-1] |

Plaintiff Erin Young brings this civil-rights action under 42 U.S.C. § 1983, claiming that his due-process rights under the Fifth and Fourteenth Amendments were violated when the Nevada prison system failed to properly apply his good-time credits. Because Young applies to proceed *in forma pauperis*,[1] I screen his complaint under 28 U.S.C. § 1915A. I find that he has not pled—and on these facts cannot plead—cognizable claims. So I dismiss this action with prejudice and close this case.

**Background**

**A.    Plaintiff's factual allegations**[2]

In July 2007, Young was an inmate at Nevada's Southern Desert State Prison ("SDSP").[3] He alleges that James Dzurenda, Brian Williams, and Jennifer Nash did not properly apply Administrative Rule 510 and Nevada Revised Statute (NRS) 209.4465 to his sentence of

---

[1] ECF No. 1.

[2] These facts are merely a summary of the plaintiff's allegations and are not intended as findings of fact.

[3] ECF No. 1-1 at 1.

attempted murder.[4]  As a result, plaintiff was denied 3,480 days of "good time."  I construe these allegations as referring to good-time credits.  Plaintiff has discharged his sentence, and he seeks compensation for the denial of good-time credits.

**B.    Plaintiff's causes of action**

Based on these events, plaintiff sues James Dzurenda, Brian Williams, and Jennifer Nash and alleges violations of his Fifth and Fourteenth Amendment due-process rights.[5]  He seeks monetary damages.[6]

## Discussion

**A.    Screening standard**

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or an officer or employee of a governmental entity.[7]  In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.[8]  All or part of the complaint may be dismissed *sua sponte* if the prisoner's claims lack an arguable basis in law or fact.  This includes claims based on legal conclusions that are untenable, like claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist, as well as claims based on fanciful factual allegations or fantastic or delusional scenarios.[9]

---

[4] *Id.* at 4.
[5] *Id.*
[6] *Id.* at 9.
[7] *See* 28 U.S.C. § 1915A(a).
[8] *See* 28 U.S.C. § 1915A(b)(1)(2).
[9] *See Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

2

Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief.[10] In making this determination, the court takes all allegations of material fact as true and construes them in the light most favorable to the plaintiff.[11] Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers,[12] but a plaintiff must provide more than mere labels and conclusions.[13] "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations."[14] "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[15]

**B.   Analysis of Young's claims**

   ***1.   Young cannot state a colorable Fifth Amendment due-process claim.***

Young attempts to raise a Fifth Amendment due-process claim, but his claim against state prison officials is grounded in the Fourteenth Amendment rather than the Fifth Amendment, which is improper.[16] For this reason, I deny Young's Fifth Amendment due-process claim with prejudice, as amendment would be futile.

---

[10] *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999).

[11] *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996).

[12] *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *see also Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990) (recognizing that pro se pleadings must be liberally construed).

[13] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[14] *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

[15] *Id*.

[16] *See Castillo v. McFadden*, 399 F.3d 993, 1002 n.5 (9th Cir. 2005) (holding that "[t]he Fifth Amendment prohibits the federal government from depriving persons of due process, while the Fourteenth Amendment explicitly prohibits deprivations without due process by the several States.").

### 2. *Young cannot state a colorable Fourteenth Amendment due-process claim.*

In order to state a Fourteenth Amendment due-process claim, a plaintiff must adequately allege that he was denied a specified liberty interest and that he was deprived of that liberty interest without the constitutionally required procedures.[17] In Nevada, state prisoners do not have a liberty interest in parole or parole eligibility.[18] Additionally, allegations that a defendant violated state law are not sufficient to state a claim for violation of the Fourteenth Amendment's due-process clause.[19]

Young bases his due-process claim on the defendants' alleged failure to properly apply NRS § 209.4465. That state statute generally discusses good-time credits for inmates sentenced to crimes committed on or after July 17, 1997. It appears that Young is alleging that the defendants failed to properly apply his good-time credits and that this mistake delayed his parole eligibility by 3,480 days. But, in order to bring a § 1983 civil-rights lawsuit, Young must identify the violation of a legally recognized liberty interest, and Nevada law does not give him a legally recognized liberty interest in his parole-eligibility date. Plus, the failure to properly apply NRS § 209.4465 constitutes an error of state law and cannot be the basis of a due-process claim. So I dismiss Young's Fourteenth Amendment due-process claim with prejudice, as amendment would be futile.

. . .

---

[17] *Swarthout v. Cooke*, 562 U.S. 216, 219 (2011).

[18] *See Moor v. Palmer*, 603 F.3d 658, 661-62 (9th Cir. 2010); *Fernandez v. Nevada*, No. 3:06-CV-00628-LRH-RAM, 2009 WL 700662, at *10 (D. Nev. Mar. 13, 2009).

[19] *Swarthout*, 562 U.S. at 222 (holding that "a 'mere error of state law' is not a denial of due process"); *see also Young v. Williams*, No. 2:11-CV-01532-KJD, 2012 WL 1984968, at *3 (D. Nev. June 4, 2012) (holding that alleged error in applying good-time credits to sentence was an error of state law that did not constitute a due-process violation).

**Conclusion**

IT IS THEREFORE ORDERED that the Clerk of the Court is directed to **FILE** the complaint (ECF No. 1-1) and **send** plaintiff a courtesy copy of it.

IT IS FURTHER ORDERED that:

- This **action is dismissed** with prejudice in its entirety for failure to state a claim, and because amendment would be futile.

- Plaintiff's motion to proceed *in forma pauperis* **[ECF No. 1] is DENIED** as moot.

- This Court certifies that any *in forma pauperis* appeal from this order would not be taken "in good faith" under 28 U.S.C. § 1915(a)(3).

- The Clerk of the Court is directed to CLOSE THIS CASE AND ENTER JUDGMENT accordingly.

Dated: July 8, 2020

_____
U.S. District Judge Jennifer A. Dorsey